**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL RENE FUENTES-CENTENO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2693<br><br>Agency No.<br>A076-936-702<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2025**

Before: SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Daniel Rene Fuentes-Centeno, a native and citizen of Nicaragua, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen and reconsider removal proceedings. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen or reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo questions of law and constitutional claims. *Id.* at 791-92. We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Fuentes-Centeno's fourth motion as number-barred and untimely where Fuentes-Centeno did not show that any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(c)(7)(A) (only one motion to reopen allowed), (c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), (c)(6)(A) (only one motion to reconsider allowed), (c)(6)(B) (motion to reconsider must be filed within thirty days of the final removal order); 8 C.F.R. § 1003.2(c)(3) (exceptions for motions to reopen).

To the extent Fuentes-Centeno contends the BIA should have reopened proceedings sua sponte, we lack jurisdiction to review this discretionary determination, other than for the limited purpose of reviewing for legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error underlying the BIA's decision as Fuentes-Centeno's equal protection challenges lack merit. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002) (differential treatment by country of origin under the Nicaraguan Adjustment and Central American Relief Act does not violate equal protection).

To the extent Fuentes-Centeno contends the BIA failed to adequately

articulate its reasons for the denial, the contention is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).

We do not address Fuentes-Centeno's contentions as to eligibility for cancellation of removal because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**